Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| FLORENCIO LAO SAM Y OTROS<br><br>Recurridos<br><br>v.<br><br>JOSÉ CRESPO PIETRI Y OTROS<br><br>Peticionarios | TA2026CE00209 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Sobre: Desahucio y Sentencia Declaratoria<br><br>Caso Núm. CG2023CV00077 Cons. CG2023CV00097 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de marzo de 2026.

Comparece ante nos la parte peticionaria, Caguas King's Cream, LLC y José Crespo Pietri (en adelante y en conjunto, parte peticionaria), para que dejemos sin efecto la *Resolución* emitida el 20 de enero de 2026, y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala de Caguas. Mediante esta, el Foro Primario declaró *No Ha Lugar* una solicitud de sentencia sumaria promovida por la parte peticionaria. Posteriormente, la parte peticionaria solicitó la paralización de los procedimientos en auxilio de nuestra jurisdicción.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de certiorari solicitado, y se declara *No Ha Lugar* la *Moción en Auxilio de Jurisdicción* presentada por la parte peticionaria.

**I**

La parte peticionaria recurre de una determinación mediante la cual el Tribunal de Primera Instancia, luego de evaluadas las

posturas de las partes de epígrafe, denegó la *Moción de Sentencia Sumaria* presentada por la parte peticionaria.

Inconforme, el 19 de febrero de 2026, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari.* En el mismo planteó los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al Denegar una Moción de Sentencia Sumaria Incumpliendo la Regla 36.4 procedimiento Civil, al dejar de establecer todos los hechos que no están en controversia por no haberse controvertido y sin establecer los hechos que efectivamente quedaron en controversia.

> Erró el Tribunal de Primera Instancia al no establecer como hechos que no están en controversia una serie de afirmaciones bajo juramento por la parte recurrente pero que no fueron tachados ni contradicho mediante contra declaraciones juradas por la parte promovida.

Luego, el 4 de marzo de 2026, la parte peticionaria nos solicitó la paralización de los procedimientos, mediante una *Moción en Auxilio de Jurisdicción.*

Tras evaluar el expediente ante nuestra consideración, procedemos a expresarnos.

**II**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera, et al. v. Arcos Dorados, et al.,* 212 DPR 194, 207-208 (2023); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari,* tiene discreción para atender el asunto planteado, ya sea

expidiendo el auto solicitado o denegándolo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 141, pág. 63, 216 DPR ___ (2025).

Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

En el presente caso, la parte peticionaria nos solicita que dejemos sin efecto la determinación mediante la cual el Tribunal de

Primera Instancia declaró *No Ha Lugar* su solicitud de sentencia sumaria. De conformidad con dicho dictamen, el Foro *a quo* intimó que resultaba recomendable la disposición ordinaria del asunto de epígrafe, toda vez que tenía duda sobre las alegaciones de las partes. Sabido es que el mecanismo procesal de sentencia sumaria, si bien provee para agilizar el empleo de la maquinaria judicial, es uno sujeto al ejercicio discrecional de las funciones del juzgador concernido.

Un examen de los documentos que componen el expediente que nos ocupa, particularmente del dictamen recurrido, nos lleva a abstenernos de ejercer nuestras funciones revisoras respecto al desempeño adjudicativo del tribunal sentenciador. Siendo así, y amparados en la facultad que emana de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado. El expediente ante nuestra consideración no evidencia falta alguna atribuible al Tribunal Primario en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio imponernos sobre lo resuelto. Por tanto, en ausencia de condición alguna que mueva nuestro criterio a estimar que este Foro debe intervenir en la causa de epígrafe, denegamos la expedición del auto solicitado. De igual modo, se deniega la *Moción en Auxilio de Jurisdicción.*

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado. Igualmente, se declara *No Ha Lugar* la *Moción en Auxilio de Jurisdicción.*

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones